IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FIRST KOREAN BAPTIST CHURCH OF DALLAS d/b/a NEW SONG CHURCH, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-cv-423-SDJ-KPJ |
| AMTRUST NORTH AMERICA and FIRST NONPROFIT INSURANCE COMPANY, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff First Korean Baptist Church of Dallas, Texas, Inc., d/b/a New Song Church's ("First Korean") First Amended Motion to Quash Defendants' Notice of Intention to take Deposition by Written Questions and Subpoena (the "Motion to Quash") (Dkt. 33). On May 17, 2021, Defendants AmTrust North America ("AmTrust") and First Nonprofit Insurance Company ("First Nonprofit") (collectively, "Defendants") filed a response (Dkt. 42), to which First Korean filed a reply (Dkt. 43).

Also pending before the Court is First Korean's First Amended Motion for Protective Order (the "Motion for Protective Order") (Dkt. 34), wherein First Korean seeks alternative relief should the Court deny the Motion to Quash. On May 17, 2021, Defendants filed a response (Dkt. 41), to which First Korean filed a reply (Dkt. 44)

Having considered the briefings and applicable authorities, the Court finds both the Motion to Quash (Dkt. 33) and the Motion for Protective Order (Dkt. 34) are hereby **DENIED**.

# I. BACKGROUND

First Korean owns a church property located in Carrolton, Texas (the "Property"). *See* Dkt. 18 at 2. The Property is insured under a policy executed between First Korean and First Nonprofit (the "Policy"). *Id.* AmTrust serves as First Nonprofit's third-party administrator. *Id.* at 3.

First Korean alleges that on June 6, 2018, a severe storm damaged the Property's main church building, chapel, and office building. *Id.* First Korean then filed a claim with First Nonprofit, which rendered an adverse decision. *Id.* at 2, 4–5. On May 21, 2020, First Korean filed an Original Complaint (Dkt. 1) against Defendants, which was superseded by a First Amended Complaint (Dkt. 18). The First Amended Complaint alleges Defendants breached the Policy, breached their duty of good faith and fair dealing, committed fraud by nondisclosure, and entered into a civil conspiracy to commit fraud by nondisclosure. *Id.* at 14, 18–20. First Korean also alleges Defendants violated numerous provisions of the Texas Insurance Code. *Id.* at 15–18.

On July 15, 2020, the Court entered an Order Governing Proceedings (Dkt. 8), and the parties engaged in discovery.

On April 21, 2021, Defendants served a Notice of Intention to take Deposition by Written Questions (the "Notice") on Farmers Insurance ("Farmers"), a non-party to this suit and First Korean's previous insurer. *See* Dkt. 33-2; Dkt. 33 at 5. The Notice states that Farmers could be deposed by written questions at a number of locations: Austin, Texas; Dallas, Texas; or "at another agreed upon time and /or place before a Notary Public, [or] an Officer of the State of Texas." Dkt. 33-2.

Also on April 21, 2021, Defendants obtained a subpoena *duces tecum* (the "Subpoena") requesting that Farmers produce certain documents. *See* Dkt. 42-3. In the section where Defendants were to identify the location of compliance, Defendants wrote "Any and all records as

described in the attached Exhibit 'A.'" *Id.* (emphasis removed). The "Exhibit A" to which Defendants refer does not specify a location of compliance. *See* Dkt. 33-2. However, the Subpoena notes counsel for Defendants can be reached at an address in Dallas, Texas. *See* Dkt. 42-3.

On May 6, 2021, First Korean filed the pending Motion to Quash (Dkt. 33). First Korean argues that, even though it is not the entity being deposed or subpoenaed, it has standing to quash the Notice and Subpoena. *See id.* Defendants filed a response (Dkt. 42), to which First Korean filed a reply (Dkt. 43).

Also on May 6, 2021, First Korean filed the pending Motion for Protective Order (Dkt. 34). First Korean urges that, in the event the Court does not quash the Notice and Subpoena, the Court should enter a protective order under Federal Rule of Civil Procedure 26(c)(1)(A) and 26(c)(1)(D) to (1) prevent Defendants from compelling Farmers to answer the written questions in the Notice, and (2) prevent Defendants from compelling Farmers' production of the requested documents. *See id.* at 4, 9. Defendants filed a response (Dkt. 41), to which First Korean filed a reply (Dkt. 43).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 31, a party may depose any person by written questions. *See* FED. R. CIV. P. 31(a). The deponent's attendance may be compelled by a subpoena under Rule 45. *See* FED. R. CIV. P. 31(a)(1); *Miles as Next Friend of Q.S. v. Dolgencorp of Tex., Inc.*, No. 3:19-cv-2630-X, 2020 WL 6083006, at *2 (N.D. Tex. Oct. 14, 2020).

Under Rule 45, a party may also serve a subpoena that commands a non-party to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. *See* FED. R. CIV. P. 45(a)(1)(A)(iii). Both a deposition by written questions and Rule 45 subpoena are subject to the parameters established by Rule 26, meaning the

3

deposition and subpoena can only compel the production of nonprivileged materials and information that are relevant to the case and proportional to the case's needs. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018); *Vasquez v. Conquest Completion Servs., LLC*, MO:15-cv-188, 2018 WL 3611799, at *1–2 (W.D. Tex. Jan. 10, 2008).

Importantly, Rule 45 distinguishes between the court issuing the subpoena (the "Issuing Court") and the court "in which compliance with the subpoena is required" (the "Compliance Court"). *See* FED. R. CIV. P. 45(a)(2), (d)(3), (f); *see Diamond Consortium, Inc. v. Manookian*, No. 4:16-cv-94-ALM-CAN, 2016 WL 9275972, at *2 (E.D. Tex. Oct. 25, 2016) (citations omitted).

Although the prior version of Rule 45 gave the Issuing Court jurisdiction over motions to quash, after the 2013 Amendment, Rule 45 states that the Compliance Court is responsible for matters relating to the enforcement of the subpoena, quashing the subpoena, and modifying the subpoena. FED. R. CIV. P. 45(d)(3); *Diamond Consortium*, 2016 WL 9275972, at *2. The 2013 amendment divested the Issuing Court of its authority to address motions to quash unless: (1) it is also the Compliance Court; (2) the Compliance Court transfers the motion to the Issuing Court with the consent of the subpoenaed person; or (3) the Compliance Court finds that exceptional circumstances warrant transfer. *See* FED. R. CIV. P. 45(d)(3), (f); *see Trover Grp., Inc. v. Dedicated Micro USA*, No. 2:13-cv-1047-WCB, 2015 WL 11117083, at *2 (E.D. Tex. Mar. 27, 2015). The Advisory Committee explains:

> To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c). But transfer to the court where the action is pending is sometimes warranted. . . .
>
> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and **it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions**. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on

4

issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

FED. R. CIV. P. 45 Advisory Committee's Notes to 2013 Amendment (emphasis added).

### III. ANALYSIS

#### A. FIRST KOREAN'S MOTION TO QUASH

Though the parties raise numerous arguments regarding the Notice and Subpoena, the briefings do not address one looming question: Whether this Court has the authority to quash the Notice and Subpoena. The answer is no.

Because the lawsuit is in this Court, the Issuing Court is the Eastern District of Texas, and all subpoenas relating to this action must be issued therefrom. *See Diamond Consortium*, 2016 WL 9275972, at *2. That much is clear. More ambiguous, though, is what federal districts serve as the Compliance Court for the Notice and Subpoena.

The Notice suggests Farmers could be deposed by written questions in Austin, Dallas, or another agreed upon location. Austin is in the Western District of Texas, and Dallas is in the Northern District of Texas. These locations suggested by the Notice indicate this Court is not the Compliance Court. However, because the Notice vaguely states "[o]r at another agreed upon . . . place," the Eastern District of Texas may very well be the Compliance Court, should Farmers and Defendants reach an agreement.

The Subpoena is similarly vague. The Subpoena has a section specifically for the identification of the Compliance Court. And yet, Defendants wrote, "Any and all records as described in the attached Exhibit 'A,'" which, for reasons unknown, also fails to designate a

location of compliance. The only indication of the Subpoena's location of compliance is an address in Dallas, where counsel for Defendants can be reached. As aforementioned, Dallas is in the Northern District of Texas.

As the Issuing Court, the Court is not empowered to quash the Notice and the Subpoena unless one of Rule 45's three exceptions applies. *See supra* Section II. Here, the Court is unable to determine if any of the exceptions apply because the Court cannot answer an essential, predicate question: which federal districts are the Compliance Courts for the Notice and Subpoena? Out of an abundance of caution, the Court shall assume it is not the Compliance Court, so as to avoid encroaching upon another jurisdiction's authority.

Because the Court assumes it is not the Compliance Court, the first exception does not apply, as this Court does not hold status as both the Issuing Court and the Compliance Court. *See* FED. R. CIV. P. 45(d)(3), (f); *see Trover Group*, 2015 WL 11117083, at *2.

The second exception does not apply, as it requires that (a) the Motion be transferred from the Compliance Court and (b) Farmers' consent to the transfer. *See* FED. R. CIV. P. 45(d)(3), (f); *see Trover Group*, 2015 WL 11117083, at *2. Here, neither element has been met. Farmers has yet to make a filing to quash or modify the Notice and Subpoena, and the Court has not received an order of transfer.

Nor does the third exception apply, as it requires (a) the Motion be transferred from the Compliance Court and (b) exceptional circumstances be present, such as mid-case forum shopping, an issue in the subpoena-related motion that has already been presented to the Issuing Court, a risk of inconsistent rulings on subpoenas served in multiple districts, or overlapping issues between the subpoena-related motion and the merits of the underlying action. *See* ARTHUR R. MILLER, 9A FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed.) (April 2021 Update). Here, there may be

an exceptional circumstance—the overlapping issues raised in the Motion to Quash and this matter's underlying merits. However, even though this exceptional circumstance may exist, that is not the Court's finding to make—such a finding belongs to the Compliance Court. Without the Compliance Court's finding of an exceptional circumstance and an order of transfer, the Court cannot rule on the pending Motion. *See Cunningham v. USA Auto Prot., LLC*, No. 4:20-cv-142, 2020 WL 9893049, at *1 (E.D. Tex. Nov. 6, 2020); *HomeVestors of Am., Inc. v. Big State Home Buyers, LLC*, No. 3:18-cv-865-B, 2018 WL 10425909, at *2 (N.D. Tex. June 22, 2018). Accordingly, First Korean's Motion to Quash (Dkt. 33) is hereby **DENIED WITHOUT PREJUDICE**. If the parties establish the Court is the Compliance Court for the Notice, Subpoena, or both, First Korean may seek leave to file a successive motion to quash.

### B. FIRST KOREAN'S MOTION FOR PROTECTIVE ORDER

First Korean's Motion for Protective Order urges that, should the Court deny its Motion to Quash, the Court limit discovery pursuant to Rule 26(c)(1)(A) and 26(c)(1)(D). *See* Dkt. 34 at 4, 9. The Motion for Protective Order rests on whether the Court reaches the merits of the Motion to Quash. *See id.* It could be that, if First Korean files a successive motion to quash in the correct district court, that court could grant First Korean's motion and render First Korean's prayer for alternative relief moot. Because a properly filed motion to quash must be resolved before addressing the merits of Rule 26(c)(1)(A) and 26(c)(1)(D) relief, the Court finds First Korean's Motion for Protective Order (Dkt. 34) hereby **DENIED WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the foregoing reasons, First Korean's Motion to Quash (Dkt. 33) and Motion for Protective Order (Dkt. 34) are hereby **DENIED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 8th day of June, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE